FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 18 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KENYETTA RUSSELL,

                       Plaintiff,

      – against –

CENTRAL INTELLIGENCE AGENCY,
VICTORIA JONES, DONALD TRUMP, AND
GEORGE AMEDORE,

                       Defendants.
------------------------------------------------------------ X

**MEMORANDUM AND ORDER**
1:19-CV-05063 (AMD) (JO)

**ANN M. DONNELLY**, United States District Judge:

On August 28, 2018, the plaintiff, Kenyatta Russell, commenced this *pro se* action against the Central Intelligence Agency, Victoria Jones, President Donald Trump, and New York Senator George Amedore. (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF No. 2) is granted solely for the purpose of this order. For the reasons that follow, the plaintiff's complaint is dismissed without prejudice.

## BACKGROUND

The plaintiff's lawsuit is premised on her claim that she was "illegally" placed under "some type of guardianship" when she sought help from the White House and Senator George Amedore for "trouble with [her] neighbors and a man named Deric Freedom Brown." (ECF No. 1 at 5, 6, 9.) The plaintiff's alleged guardian, Victoria Jones, has "psychologically terrorized" her by making mean-spirited comments, calling the police, and stealing. (*Id.* at 8-9.) The plaintiff also claims that "[p]eople were . . . told not to speak to [her] in English on [her] trip to Montreal," and "[her] trip to England was intentionally made rough on purpose[,]" possibly because of Ms. Jones's "connections to the Marines or other military." (*Id.* at 8.) She seeks $2 million in damages. (*Id.* at 11.)

1

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, and interpret their complaints to raise the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint still must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## DISCUSSION

The plaintiff seems to be claiming that she was improperly placed in guardianship, and that Victoria Jones, presumably her guardian, has caused her emotional distress, and that unnamed people are insulting her and have recorded her without her permission. The complaint, which names the CIA, Donald Trump, and others, does not state a plausible claim under any standard. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] finding of factual

2

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). Thus, the complaint is dismissed for failure to state a claim.

Given the allegations about guardianship, the complaint raises the issue of the plaintiff's competence. Therefore, I dismiss the plaintiff's claim without prejudice. *Compare Huggins v. Devane & Groder*, 2014 WL 3971803, at *3 (E.D.N.Y. June 30, 2015) (dismissing *pro se* complaint with prejudice because amendment would be futile), *with Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (finding that even if "it is clear that no substantial claim could be asserted on behalf of the [plaintiff]," a district court "may dismiss the complaint, but without prejudice" when a plaintiff may be considered incompetent).

## CONCLUSION

The plaintiff's complaint, filed *in forma pauperis*, is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B). The Court encourages the plaintiff to make an appointment with the Federal Pro Se Legal Assistance Project which provides limited representation to pro se litigants in this district.[1] The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this action.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
September 17, 2019

---

[1] The Clerk of Court will mail a copy of the Pro Se Legal Assistance Project flyer attached to this Order to the plaintiff.

3

# Federal Pro Se Legal Assistance Project

The Federal Pro Se Legal Assistance Project (the "Project") is a free service offered by the City Bar Justice Center of the New York City Bar Association. The Project provides free information, advice, and limited-scope legal assistance to non-incarcerated, *pro se* litigants in the Eastern District of New York. The Project staff work for the City Bar Justice Center, not for the United States District Court.

### Services We Can Provide:
- Explain federal court procedures and rules involved in your case.
- Provide brief legal counseling.
- Advise you about potential federal claims prior to filing suit.
- Review draft pleadings and correspondence with the court.
- Give referrals to legal, governmental and social services.

### What does "Limited-Scope" Mean?
"Limited-scope" legal assistance means that even though the Project attorney may provide you information, advice, and some legal assistance, she **will not** be the lawyer representing you on your case. You will still act as your own lawyer unless you retain a lawyer on your own.

### Appointments and Hours
The Project attorney meets with pro se litigants by appointment. Our office is located on the ground floor of the Brooklyn courthouse for the Eastern District of New York in Room N-108.

Appointments are available Monday through Thursday.

To schedule an appointment please call <u>212-382-4729</u> or stop by the office. We make every effort to return calls within two business days.

---

Cat Itaya, Esq.
*Project Director*
Tel: 212-382-4729

David Preciado
*Project Coordinator*
Tel: 212-382-4743

Federal Pro Se Legal Assistance Project
c/o U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
(212) 382-4729
www.citybarjusticecenter.org



CITY BAR JUSTICE CENTER